UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVE ODOM,

        Plaintiff,

                                                  Case No. 1:14-CV-606

v.

                                                  HON. GORDON J. QUIST

CORIZON, INC., et al,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Steve Odom, has filed an objection to Magistrate Judge Ellen Carmody's January 5, 2015 Report and Recommendation (R & R) (dkt. # 67).  In that R & R, the magistrate judge recommends granting Defendant Jeffrey Stieve's motion to dismiss the claims against him. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a *de novo* review of the R & R, Odom's objections, Stieve's objections,  and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

Odom argues that the magistrate judge erred in concluding that he failed to state a claim against Stieve.  Odom's amended complaint asserts that Stieve is liable based on his conduct as a supervisor, but does not assert that Stieve took an active role in the conduct alleged.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based on a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  To assert a claim against Stieve, Odom must allege that Stieve  "did more than play a passive role in the alleged violation or showed

mere tacit approval of the goings on." *Id.*  Because Odom has failed to do so, his claim against Stieve must be dismissed.

Odom further argues that the magistrate judge should have allowed him the opportunity to amend his complaint before ruling on Stieve's motion to dismiss.  Odom did not file a motion to amend his complaint, but merely included a request to amend in his response to Stieve's motion to dismiss.  A party who wishes to amend his complaint must file a motion and a proposed amended complaint, rather than simply make a request for amendment.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for court order must be made by motion."); W.D. Mich. LCivR 5.7(f) (requiring that a proposed amendment be attached to the motion).  Courts in this circuit have repeatedly held that a request for leave to amend raised only in response to a motion is procedurally improper, and therefore must be denied.  *See e.g.*, *Johnson v. Jondreau*, No. 2:13-CV-260, 2014 WL 4100939, at *1 (Aug. 18, 2014).  Because Odom did not file a motion to amend, the magistrate did not err in refusing to consider Odom's request.

"[W]hen a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004).  However, "the right to amend is not absolute or automatic." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008).  For instance, a court need not grant leave to amend if amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id*.  With such principles in mind, the Court will allow Odom the opportunity to file a motion for leave to amend his complaint.  That motion must include a copy of the proposed amended complaint.

Finally, Stieve has objected to the R & R, arguing that the claims are subject to dismissal based on Eleventh Amendment immunity and qualified immunity. Because the Court determines that the claims must be dismissed on the merits, it will not consider the other asserted bases for dismissal.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued January 5, 2015 (dkt. # 67 ) is **ADOPTED** as the Opinion of the Court. Plaintiff's Objection (dkt. # 76) and Defendant's Objection (dkt. #71) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Stieve's Motion to Dismiss (dkt. # 12) is **GRANTED**. Plaintiff's claims against Defendant Stieve are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion to amend his complaint with regard to the allegations against Defendant Stieve within **30 days** of the date of this Order. That motion must attach a copy of Plaintiff's proposed amendment. Defendant Stieve may respond to such motion within **14 days** of its filing.


Dated:  April 2, 2015                                    /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE