UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVE ODOM,

        Plaintiff,

v.

CORIZON, INC., et al,

        Defendants.
_____/

Case No. 1:14-CV-606

HON. GORDON J. QUIST

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Steve Odom, has filed objections to Magistrate Judge Ellen Carmody's August 14, 2015 Report and Recommendation (R & R) (dkt. #116), in which the magistrate judge recommends granting Defendants' motions for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

In his initial objections, Plaintiff argues that the magistrate judge did not consider his response to Defendants' motion and misstated the facts. The Court finds no indication that the magistrate judge failed to consider Plaintiff's response. On the contrary, the magistrate judge quoted directly from Plaintiff's response. With regard to Plaintiff's injury, the Court considers the evidence of record, and thus the magistrate judge's description is not determinative.

*Individual Defendants*

Plaintiff objects to the magistrate judge's conclusion that Defendant Laughhunn is entitled to summary judgment. Plaintiff argues that Laughhunn, who reviewed his grievances, denied his

rights to medical treatment and an effective review of his medical complaints. As the Sixth Circuit has made clear, however, "[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). Accordingly, Plaintiff has not stated a valid claim against Laughhunn.

Plaintiff objects to the magistrate judge's finding that his claim against Dr. Borgerding represented nothing more than a disagreement over treatment decisions. In arguing that Dr. Borgerding committed an Eighth Amendment violation, Plaintiff simply recites the standard for such a claim. He fails, however, to provide any facts to substantiate it. In contrast, Dr. Borgerding stated in response to an interrogatory that he refused a request for a Vitamin E prescription because it was not clinically effective at treating Peyronie's disease. Plaintiff offers no evidence to contradict Dr. Borgerding's statement. Accordingly, the Court agrees with the magistrate judge that Plaintiff's claim against Dr. Borgerding is not cognizable under the Eighth Amendment.

Plaintiff objects to the magistrate judge's recommendation that the Court dismiss Dr. Pramstaller. Plaintiff admits that Dr. Pramstaller never treated him, but argues that he should be allowed to substitute a different doctor. An objection to an R & R is not the proper vehicle to add a defendant. Because Plaintiff acknowledges that Dr. Pramstaller never treated him, the claim against Dr. Pramstaller lacks merit.

Plaintiff objects to the magistrate judge's conclusion that Plaintiff's claim against Dr. Edelman, which is based on Dr. Edeleman's refusal to grant Plaintiff an ultrasound, represents no more than a disagreement over treatment decisions. Plaintiff points to a statement in Dr. Edelman's affidavit that an ultrasound can be used to diagnose Peyronie's Disease. Because Plaintiff had not yet been diagnosed with Peyronie's disease at the time that Dr. Edelman refused his ultrasound, Plaintiff argues that such decision demonstrated deliberate indifference. However, Dr. Edelman

stated that Plaintiff was being provided care in accordance with a diagnosis of Peyronie's disease, and that additional testing thus would not have impacted his treatment plan. (Dkt. #83-7 at Page ID#519.) Thus, the Court agrees with the magistrate judge that Plaintiff's claim against Dr. Edelman represents a disagreement over treatment, and is not cognizable under the Eighth Amendment.

Plaintiff objects to the magistrate judge's conclusion that Drs. Sohail, Sudhir, Gerlach and Worel are entitled to summary judgment, arguing that those defendants were aware that Plaintiff was in pain and faced a substantial risk of harm. As the magistrate judge noted, however, each of these doctors provided an affidavit explaining the reasoning for the decisions at issue. The doctors explained that, based on Plaintiff's history and their observations, they determined that medical interventions beyond the prescription of Trenetal were not warranted, and that the prescription of painkillers would have been inappropriate because Plaintiff's pain was intermittent. (Dkt. #91 at Page ID#753; dkt. #83-6 at Page ID##515-16; dkt. #83-5 at Page ID##502-03; dkt. #83-4 at Page ID#489-90.) Dr. Sudhir also noted that there is no cure or definitive treatment for Peyronie's disease, and that monitoring has been recognized as a legitimate form of treatment for patients like Plaintiff. (Dkt. #83-5 at Page ID##502-03.) While Plaintiff may disagree with the conclusions of these doctors, he has not presented evidence that they were deliberately indifferent to an objective risk of harm. At most, Plaintiff's claim is one for negligence, which is not cognizable under section 1983. See *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010). Accordingly, these doctors are entitled to summary judgment.

### *Claims Against Corizon, Inc.*

The magistrate judge recommends that the Court dismiss the claims against Corizon, Inc. because Plaintiff has failed to demonstrate that he suffered a violation of his federal rights based on a Corizon policy, practice, or custom. See *Monell v. Dep't of Soc. Servs.*, 436 U.S.658, 98 S. Ct.

3

2018 (1978). *See also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996) (*Monell* applies to private corporations that run prisons). Plaintiff objects, arguing that he never had the opportunity to obtain discovery related to Corizon's policies, practices, and customs or its contract with the Michigan Department of Corrections (MDOC). Because Plaintiff has not demonstrated that a constitutional violation occurred, however, he has not satisfied the first step in establishing a *Monell* claim. *See Fox v. DeSoto*, 489 F.3d 227, 238 (6th Cir. 2007). Moreover, to the extent that Plaintiff is appealing the magistrate judge's orders denying his motions to compel discovery and to re-open discovery, the Court finds that the magistrate judge did not abuse her discretion. Plaintiff failed to demonstrate that his request for Corizon's contract with MDOC and its policies related to such contract was relevant or would have led to the discovery of admissible evidence. Moreover, Plaintiff's motion to re-open discovery was untimely and would have unfairly delayed resolution of this matter. Accordingly, the Court finds that Corizon, Inc. is entitled to summary judgment.

### *Claims against John Doe(s) and Jane Doe(s)*

The magistrate judge recommends that the Court dismiss the claims against John Doe(s) and Jane Doe(s) because Plaintiff failed to identify those defendants, seek the assistance of the Court in identifying them, or request an extension of time to serve them. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff argues that the claims against the unidentified defendants should not be dismissed because he was not provided with notice. The magistrate judge did not actually dismiss the claims, however, but merely recommended that such claims be dismissed. As such, the R & R served as Plaintiff's notice that the claims were subject to dismissal. Moreover, Plaintiff has not shown good cause for failure to serve the unidentified defendants. He acknowledges that he

learned their identities on February 2, 2015. Yet, in the more than seven months since that time, he has not attempted to serve them. Accordingly, the Court finds that the claims against John Doe(s) and Jane Doe(s) should be dismissed without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued August 14, 2015 (dkt. # 116) is **ADOPTED** as the Opinion of the Court and Plaintiff's Objection (dkt. # 119) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Borgerding, Laughunn, Pramstaller, and Stevie (dkt. #90) is **GRANTED**, and Plaintiff's claims against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Corizon, Inc., Edelman, Gerlack, Sohail, Sudhi, and Worel (dkt. #83) is **GRANTED**, and Plaintiff's claims against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against Defendant John Doe(s) and Jane Doe(s) are **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 4(m).

A separate judgment will enter.

This case is **concluded**.


Dated: September 30, 2015          /s/ Gordon J. Quist
                     GORDON J. QUIST
                 UNITED STATES DISTRICT JUDGE